# EXHIBIT A

*CITATION*

D94797

LELANIA PARHAM

VS

PHILIPS NORTH AMERICA LLC

TANGIPAHOA PARISH
CLERK OF COURT
GARY STANGA

**DOCKET NUMBER: C-20220000042**
***Division:*** **B**
***21st Judicial District Court***
***Parish of Tangipahoa***
***State of Louisiana***

*To:* *PHILIPS NORTH AMERICA LLC*
THROUGH ITS REGISTERED AGENT FOR SERVICE OF PROCESS CORPORATION SERVICE COMPANY
501 LOUISIANA AVENUE
BATON ROUGE, LA
70802

*Parish of EAST BATON ROUGE*

***YOU ARE HEREBY SUMMONED*** *to comply with the demand contained in the Petition of which a true and correct copy accompanies this citation or make an appearance either by filing a pleading or otherwise, in the Twenty-First Judicial District Court in and for the Parish of Tangipahoa, State of Louisiana within twenty one (21) days after the service hereof, under penalty of default.*

*This service was requested by* SILEO, JOHN D *and was issued by the Clerk of Court on JANUARY 10, 2022.*

*Pleading Served*
*PETITION FOR DAMAGES & REQUEST FOR NOTICE*

Deputy Clerk of Court for
*GARY STANGA,* Clerk of Court

***Service Information***

*Received on the* _______ *day of* ____________________, *20*_____ *and on the* _________ *day of* ____________________, *20*_____ *served the above named party as follows:*

***Personal Service*** *on the party herein named* ____________________________________.

***Domiciliary Service*** *on the party herein named by leaving the same at his/her domicile in the parish in the hands of* ______________________________, *a person apparently over the age of seventeen years, living and residing in said domicile and whose name and other facts connected with this service, I learned by interrogating the said person, said party herein being absent from his/her residence at the time of said service.*

***DUE & DILIGENT UNABLE TO SERVE BECAUSE:*** ____________________________________.

*Returned:*
*Parish of* ______________________________ *this* ________ *day of* ____________________, *20*_____.

*Service* $__________

*Mileage* $__________

*Total* $__________

*By:* ________________________________________
*Deputy Sheriff*

**SERVICE**

PREPAID

Tangipahoa Parish Clerk of Court 20220000042
Filed Jan 10, 2022 8:42 AM B
Kallin Leto
Deputy Clerk of Court
FAX Received Jan 07, 2022 9:05 AM

21st JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

STATE OF LOUISIANA

SUIT NO.: DIVISION:

LELANIA PARHAM

VERSUS

PHILIPS NORTH AMERICA, LLC, PHILIPS RS NORTH AMERICA, LLC and VIEMED HEALTHCARE STAFFING, LLC

FILED ______________ DEPUTY CLERK ______________

# PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes LELANIA PARHAM, a person of full age of majority, and a resident of the State of Louisiana, who respectfully represents the following:

1.

Made defendants herein are:

a. Philips North America, LLC, a Delaware Corporation, with its principal place of business in the County of Middlesex, State of Maine, licensed to and doing business in the Parish of Tangipahoa, State of Louisiana (hereinafter "Philips");

b. Philips RS North America, LLC, a Delaware Corporation, with its principal place of business in the County of Allegheny, State of Pennsylvania, licensed to and doing business in the Parish of Jefferson, State of Louisiana (hereinafter "Philips RS"); and,

c. Viemed Healthcare Staffing, LLC, a domestic limited liability company license to do and doing business in the Parish of Tangipahoa, State of Louisiana (hereinafter "Viemed").

2.

The above-named defendants are jointly, severally and *in solido* liable unto Petitioner for the following:

3.

In January of 2020, Petitioner, Lelania Parham, purchased a Philips DreamStation Auto CPAP (hereinafter referred to as "device") from defendant, Viemed, which she used nightly from the date of receipt until notified of the recall.

2022 JAN 10 AM 8:42
GARY STANGA
CLERK OF COURT
TANGIPAHOA PARISH, LA



Certified True and Correct Copy
CertID: 2022011000077

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
1/10/2022 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

4.

On April 26, 2021, Philips made a public announcement disclosing it had determined there were risks that the PE-PUR Foam used in certain CPAP, Bi-Level PAP, and mechanical ventilator devices it manufactured may degrade or off-gas under certain circumstances.

5.

On June 14, 2021, Philips issued a recall in the United States of its CPAP, Bi-Level PAP, and mechanical ventilator devices containing PE-PUR Foam, because Philips had determined that (a) the PE-PUR Foam was at risk for degradation into particles that may enter the devices' pathway and be ingested or inhaled by users, and (b) the PE-PUR Foam may off-gas certain chemicals during operation.[1] Philips further disclosed in its Recall Notice that "these issues can result in serious injury which can be life-threatening, cause permanent impairment, and/or require medical intervention to preclude permanent impairment."[2]

6.

Prior to issuing the Recall Notice, Philips received complaints regarding the presences of black debris/particles within the airpath of circuit of its devices (extending from the device outlet, humidifier, tubing, and mask). Philips also received reports of headaches, upper airway irrigation, cough, chest pressure and sinus infection from users of these devices.

7.

Philips recommended that patients using the recalled CPAP and Bi-Level PAP devices immediately discontinue using their devices and that patients using the recalled ventilators for life-sustaining therapy consult with their physicians regarding alternative ventilator options.

8.

Plaintiff Parham will incur substantial expenses to replace the device. In addition, Plaintiff Parham has experienced, including but not limited to the following, chest tightness, shortness of breath, fatigue, weakness, and respiratory irritants during his use of the Philips' CPAP machine. Since being notified of the recall, Plaintiff has experienced anxiety, concerning the potential serious health risks she is facing from possible exposure to an off-gassed or degraded PE-PUR Foam in the recalled devices.

[1] *See* Philips Recall Notice attached hereto as Exhibit "A."
[2] *Id.*



Certified True and Correct Copy
CertID: 2022011000077

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
1/10/2022 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

9.

The manual accompanying Plaintiff Parham's DreamStation Auto CPAP device did not contain any language or warnings of health risks associated with use of the device, including irritation (skin, eye and respiratory tract), inflammatory response, headache, asthma, adverse effects to other organs (*e.g.* kidneys and liver) and toxic carcinogenic effects. Had Defendants informed Plaintiff of these risks she would not have purchased the Recalled Device

10.

Without knowing of the health risks associated with use of the Recalled Device, Plaintiff Parham used her Recalled Device nightly to treat sleep apnea.

11.

Defendants had a duty to Petitioner to provide a safe product in design and manufacture, free of any known defect to the braking system

12.

Defendants breached its duty of reasonable care to Petitioner by designing the DreamStation Auto CPAP with risks that the PE-PUR Foam used in certain CPAP, Bi-Level PAP, and mechanical ventilator devices it manufactured may degrade or off-gas under certain circumstances.

13.

Defendants breached its duty of reasonable care to Petitioner by manufacturing and/or assembling the DreamStation Auto CPAP with risks that the PE-PUR Foam used in certain CPAP, Bi-Level PAP, and mechanical ventilator devices it manufactured may degrade or off-gas under certain circumstances.

14.

Defendants breached its duty of reasonable care to Petitioner by failing to exercise due care under the circumstances.

15.

As a direct and proximate cause of Defendants' negligence as set forth in the preceding paragraphs, Petitioner sustained and will continue to sustain severe emotional distress, economic losses and consequential damages, bodily injuries, loss of enjoyment of life, disability and loss of function, and other damages, and is entitled to compensatory damages and equitable and declaratory relief according to proof.



Certified True and Correct Copy
CertID: 2022011000077

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
1/10/2022 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

16.

At all times herein mentioned, Defendants, and each of them, were engaged in the business of, or were successors in interest to, entities engaged in the business of researching, designing, formulating, compounding, testing, manufacturing, producing, processing, assembling, inspecting, distributing, marketing, labeling, promoting, packaging, prescribing and/or advertising for sale, and selling products for use by the Plaintiff. As such, each Defendant is individually, as well as jointly and severally, liability to the Plaintiff for her damages.

17.

At all times herein mentioned, the officers and/or directors of the Defendants named herein participated in, authorized and/or directed the production of promotion of the aforementioned products when they knew, or with the exercise of reasonable care and diligence should have known, of the hazards and dangerous propensities of said products, and hereby actively participated in the tortious conduct that resulted in the injuries suffered by the Plaintiff.

18.

The device reached Petitioner without substantial change in its condition from time of completion of manufacture by Philips.

19.

The Plaintiff could not, by the exercise of reasonable care, have discovered the DreamStation Auto CPAP device's defects herein mentioned and perceived its danger.

20.

Defendants were aware, or should have been aware, of the toxic or dangerous health effects of the use of the Recalled Devices, but nowhere on the package labeling or package inserts or on Philips' websites or other marketing materials did Philips warn Plaintiff and members of the Class that they were at risk of developing adverse health effects as a result of the dangerous PE- PUR Foam used in the Recalled Devices.

21.

Petitioner used the device reasonably and as intended, to the fullest degree possible given the defective nature of the device and, nevertheless, suffered damages through no fault of her own.

22.

As a direct and proximate result of Philips' conduct, Petitioner has suffered actual damages in that they purchased the Recalled Devices (a) that were worth less than the price they



Certified True and Correct Copy
CertID: 2022011000077

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
1/10/2022 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

paid, (b) which they would not have purchased at all had they known of the health risks, including organ failure and cancer, associated with the use of the Recalled Devices, and (c) which did not conform to the Philips' manufacturing performance standards and/or otherwise identical products' standards. Petitioner is therefore entitled to equitable relief as described herein.

23.

At all times relevant herein, Defendant, ABC Insurance Company, provided a policy of liability or general insurance coverage to Defendant, Philips North America, LLC, and is therefore vicariously liable for the injuries and damages caused to Petitioner.

24.

At all times relevant herein, Defendant, XYZ Insurance Company, provided a policy of liability or general insurance coverage to Defendant, Philips RS North America, LLC, and is therefore vicariously liable for the injuries and damages caused to Petitioner.

25.

At all times relevant herein, Defendant, QRS Insurance Company, provided a policy of liability or general insurance coverage to Defendant, Viemed Healthcare Staffing, LLC, and is therefore vicariously liable for the injuries and damages caused to Petitioner.

26.

As a result of the defects of the device, Petitioner, was caused severe and painful personal injury, including but not limited to all bones and muscles of the body, nerves, ligaments, tissues, and blood vessels, and, more particularly, anxiety, chest tightness, shortness of breath, fatigue, weakness, and respiratory irritants.

27.

The above-described incident and ensuing injuries to Petitioner were proximately caused by Defendants, by the following non-exclusive acts of negligence:

1. Manufacturing a device with defects;
2. Selling a device to Petitioner with a defects;
5. Any and all other acts of negligence which will be proven at the trial of this matter.



Certified True and Correct Copy
CertID: 2022011000077

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
1/10/2022 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

28.

As a result of the defendants' negligence enumerated herein petitioner is entitled to reasonable damages, and herewith itemizes her damages as follows:

1. Past, present and future physical pain and suffering;
2. Past, present and future mental pain and suffering;
3. Permanent disfigurement;
4. Loss of enjoyment of life;
5. Disability and loss of function;
6. Loss of past monies paid for device;
7. Past, present and future medical bills;
8. Any and all other damages which will be proved at the trial hereof.

29.

Petitioner further alleges the device was unfit for use on the date it was sold by Viemed Healthcare Staffing, LLC, and that Viemed is liable to Petitioner for selling Petitioner a defective device that Viemed knew or should have known was a hazard to Petitioner.

30.

This device contained redhibitory defects for which if Petitioner would have been aware, she would not have purchased said device.

31.

That the defects within the device were either redhibitory defects and/or breach of the sales agreement between Defendants and Petitioner.

32.

That the redhibitory defects contained in the device rendered the device worthless as the device was defective, and could not be repaired to a condition for safe use.



Certified True and Correct Copy
CertID: 2022011000077

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
1/10/2022 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

33.

That Petitioner is entitled to return of the money on the sale, any and all damages caused to her by the redhibitory defects of the device, including but not limited to :

1. A return of all monies paid;
2. Attorneys fees and costs;
3. Cost to purchase a new device

34.

These defects have been un-repairable; therefore, this device contains a redhibitory defect for which your petitioner is entitled to a return of the sales price, a rescission of the sale, plus all damages including all inconvenience and emotional damages.

35.

That if Petitioner were aware of these defects, she never would have purchased said device.

36.

Petitioner avers amicable demand without avail. The above damages exceed the jurisdictional limit for trial by jury herein, and Petitioner demands a trial by jury.

WHEREFORE, petitioner prays that defendants be duly served and cited to appear and answer this Petition, all as provided by law, and after all legal delays and due proceedings had, there by judgment rendered in favor of the plaintiff, Lelania Parham, and against the defendants, Philips North America, LLC, Philips RS North America, LLC and Viemed Healthcare Staffing, LLC., jointly, severally and *in solido*, for reasonable damages, with legal interest from the date of judicial demand until paid, all costs of these proceedings, along with such other relief as law, equity and the nature of this case shall require.

Respectfully submitted,

JOHN D. SILEO (La. Bar. No..: 17797)
CASEY W. MOLL (La. Bar No. 35925)
320 N. Carrollton Avenue, Suite 101
New Orleans, Louisiana 70119
TEL: 504-486-4343
FAX: 504-297-1249

[Signature block and service instructions on following page]



Certified True and Correct Copy
CertID: 2022011000077

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
1/10/2022 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

J. MICHAEL DALY, JR., Bar No. 19539
3939 North Causeway Blvd., Ste. 200
Metairie, Louisiana 70002
Telephone: (504) 846-5700
Facsimile: (504) 846-5722

Please serve Citation and Petition Upon:

**Philips North America, LLC**
*Through its registered agent for service of process*
Corporation Service Company
501 Louisiana Avenue
Baton Rouge, La 70802

**Philips RS North America, LLC**
Via Louisiana Long Arm Statute
6501 Living Place
Pittsburg, Pennsylvania 15206

**Viemed Healthcare Staffing, LLC**
*Through its registered agent for service of process*
Incorp Services, Inc.
3867 Plaza Tower Drive, 1st Floor
Baton Rouge, La 70816



Certified True and Correct Copy
CertID: 2022011000077

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
1/10/2022 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)

Tangipahoa Parish Clerk of Court 20220000042
Filed Jan 10, 2022 8:42 AM B
Kallin Leto
Deputy Clerk of Court
FAX Received Jan 07, 2022 9:05 AM

21st JUDICIAL DISTRICT COURT FOR THE PARISH OF TANGIPAHOA

STATE OF LOUISIANA

SUIT NO.: DIVISION:

LELANIA PARHAM

VERSUS

PHILIPS NORTH AMERICA, LLC, PHILIPS RS NORTH AMERICA, LLC and VIEMED HEALTHCARE STAFFING, LLC

FILED ____________________ DEPUTY CLERK ____________________

**REQUEST FOR NOTICE**

NOW INTO COURT, through undersigned counsel, comes plaintiff herein, Lelania Parham, and who pursuant to L.C.C.P. Article 1572, requests this Court provide written notice ten (10) days in advance of the date fixed for all Trials or Hearings of any Exception, Motions, Rules or Trials on the Merits, as further provided by L.C.C.P. Articles 1913 and 1914. Furthermore, Lelania Parham, requests immediate notice of all Interlocutory and Final Orders and Judgments or Exceptions, Motions, Rules, or the Trial on the Merits in the captioned proceeding.

Respectfully submitted,

JOHN D. SILEO (La. Bar. No..: 17797)
CASEY W. MOLL (La. Bar No. 35925)
320 N. Carrollton Avenue, Suite 101
New Orleans, Louisiana 70119
TEL: 504-486-4343
FAX: 504-297-1249

J. MICHAEL DALY, JR., Bar No. 19539
3939 North Causeway Blvd., Ste. 200
Metairie, Louisiana 70002
Telephone: (504) 846-5700
Facsimile: (504) 846-5722



Certified True and
Correct Copy
CertID: 2022011000078

Tangipahoa Parish
Deputy Clerk of Court

Generated Date:
1/10/2022 11:19 AM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3)